IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Daryl Eugene Grandberry, | ) | |
| | ) | **ORDER DISMISSING CASE** |
| Plaintiff, | ) | **PURSUANT TO RULE 12(b)(6),** |
| | ) | **FED. R. CIV. P.** |
| vs. | ) | |
| | ) | Civil File No. 3:07-cv-34 |
| Strategic Telecommunications, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is a motion by Defendant Strategic Telecommunications, Inc., to

Dismiss Pursuant to Rule 12(b)(6), Fed. R. Civ. P., or, in the alternative Rule 56 (Doc. #7).

Plaintiff filed a brief response to the motion (Doc. #16). Defendant filed additional supplements

to his complaint (Docs. #13 and #21) which were stricken from the record (Doc. #27).

### FACTS:

Mr. Grandberry, a 44-year-old African American male, filed a complaint on March 29,

2007. He alleges wrongful termination in violation of "Title VII of the Civil Rights Act of 1964,

Amended, and the Age Discrimination in Employment Act of 1967."

Mr. Grandberry previously pursued a claim with the North Dakota Department of Labor

("Department") and the United States Equal Employment Opportunity Commission ("EEOC").

His claims were denied by the Department and the EEOC due to those organizations' inability to

conclude the applicable statutes had been violated. The EEOC provided Mr. Grandberry with a

"Right to Suit" notice on December 14, 2006.

On February 15, 2007, the Clerk's Office received a letter from Mr. Grandberry in which

he requested a law suit be filed against Defendant.  The lawsuit was commenced on March 29, 2007, by filing.

## *DISCUSSION:*

A complaint may be dismissed under Rule 12(b)(6), Fed. R. Civ. P., when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974). In making this determination, the non-movant's factual allegations are accepted as true, and every reasonable inference is granted in the non-movant's favor.  Strand v. Diversified Collection Service, Inc., 380 F.3d 316, 317 (8th Cir. 2004).  A dismissal under Rule 12(b)(6) "'serves to eliminate actions which are fatally flawed in their legal premises and designed to fail,'" and "'spar[es] litigants the burden of unnecessary pretrial and trial activity.'"  Stringer v. St. James R-1 School Dist., 446 F.3d 799, 802 (8th Cir. 2006) (quoting Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001)).  Such a dismissal is appropriate "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."  Bramlet, 495 F.2d at 716.

**Timeliness of State Claims:**

As to any state claims, the North Dakota Human Rights Act provides a strict time frame for filing suit following unfavorable determinations by the Department of Labor:

> If a complaint of a discriminatory practice is first filed with the department, the period of limitation for bringing an action in the district court is ninety days from the date the department dismisses the complaint or issues a written probable cause determination.

N.D. Cent. Code § 14-02.4-19.  The Department issued its "Determination" which concluded the Department's processing of Mr. Grandberry's charge on August 23, 2006.  Mr. Grandberry's

complaint was not filed in district court until March 29, 2007, some six months after the time to file had passed.  Although it appears that he may have attempted to commence his suit earlier (see Doc. #16-2), the would-be February 15, 2007 filing date still falls well after the time for filing had passed.  Therefore, his state claims are time-barred.

**Timeliness of Federal Claims:**

Mr. Grandberry's federal claims are similarly time-barred if it appears he did not file his lawsuit within ninety days after the EEOC gave Mr. Grandberry right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1).  It is undisputed that this notice was given on December 14, 2006, and Mr. Grandberry received it on December 26, 2006.  Thus, using either date, the March 29, 2007 filing date determined by the Clerk's Office for commencement of his suit is beyond 90 days from that notice being sent or received.  However, if using the February 15, 2007 attempted filing date, the complaint would have been timely filed.

Equitable tolling of a statute of limitations period is appropriate when the circumstances that cause a plaintiff to miss his filing deadline are out of his hands.  Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990).  Strategic argues that Mr. Grandberry had the option to educate himself about federal procedure, and failed to do so.  This argument would be correct if Grandberry failed to present his complaint to the Clerk's Office until after the 90 days had passed.  However, if the complaint was presented on February 15, 2007, and lacked only a filing fee, it is through clerical error that it was not docketed using the February 15, 2007 date.  See Garrett v. Clarke, 147 F.3d 745, 746 (8th Cir. 1998) (holding that because a prisoner "presented his complaint to the District Court clerk for filing before the statute of limitations ran," it was timely, even though he did not present his account statement at that time).  It is unknown what

3

documents, if any, were submitted with Mr. Grandberry's February 15, 2007 letter.  The plain language of the letter indicates *some* documentation was mailed.[1]  Lacking the specifics, the Court must infer that Mr. Grandberry's complaint was timely filed, and his federal claims are not time-barred.

## Personal Jurisdiction

Strategic alternatively argues that Grandberry's suit should be dismissed for lack of personal jurisdiction[2].  In the District of North Dakota, service of process may be effected upon a corporation by delivering a copy to an officer, managing or general agent, or to any other authorized agent to receive service of process.  Fed. R. Civ. P. 4(h).  Alternatively, service may be accomplished by "any form of mail or third-party commercial delivery addressed to [an officer, director, superintendent or managing or general agent, or partner, or associate, or certain other authorized persons] and requiring a signed receipt and resulting in delivery to that person."  N.D.R.Civ.P. 4(d)(2)(D); Fed. R. Civ. P. 4(h)(1) and 4(e)(1).  Under North Dakota law, adherence to the specific requirements of the rules of civil procedure is necessary to effectuate service of process.  Riemers v. State, 718 N.W.2d 566, 567 (N.D. 2006).  Service of process must be received by officer, director, agent, or other person authorized by appointment or law in order for service to be effectuated on a corporation.  Olsrud v. Bismarck-Mandan Orchestral Association, 733 N.W.2d 256, 264 (N.D. 2007).  A party's actual knowledge of the suit is

---

[1]Mr. Grandberry's letter reads:  "I Daryl Grandberry, would like to file this law suit against Strategic Telecommunication . . ." (emphasis added).  (Doc. #16-2).

[2]It appears to the Court that a motion to dismiss for lack of personal jurisdiction would have been more appropriately filed as a motion pursuant to 12(b)(2); however, because the issue was adequately and timely raised in the 12(b)(6) motion, it is appropriate for consideration on its merits.

irrelevant.  <u>Riemers</u>, 718 N.W.2d at 567; <u>Witzke v. Gonzales</u>, 722 N.W.2d 374, 376 (N.D. 2006).

Grandberry failed to follow the federal or state rules for effectuating service on a corporation.  He neither personally delivered the summons and complaint, nor mailed them to an authorized person.  He did not attempt to obtain waiver of service.  Rather, Grandberry mailed the summons and complaint to "Strategic Telecommunications, Inc., 112 North University Drive Suite #322, Fargo, North Dakota 58102."  This constitutes defective service of process.  <u>Olsrud</u> 733 N.W.2d at 264.

Because service of process was defective, this Court lacks personal jurisdiction over the defendant, Strategic Telecommunications, Inc.  As such, Strategic's motion to dismiss is **GRANTED.**  This action is ordered **DISMISSED** without prejudice.  <u>Industrial Indem. Co. v. Harms</u>, 28 F.3d 761, 763 (8th Cir. 1994).

**IT IS SO ORDERED.**

Dated this 28th day of November, 2007.

    */s/    Ralph R. Erickson*
Ralph R. Erickson, District Judge
United States District Court